# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL ABBOTT, | DOCKET NUMBER |
| Appellant, | AT-0752-15-0427-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: May 30, 2024 |
| Agency. | |

M. Jefferson Euchler, Esquire, Virginia Beach, Virginia, for the appellant.

Alexis Conway Zaloudek, Metairie, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Chairman Harris issues a separate opinion.
Vice Chairman Limon issues a separate opinion.

**ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal. The two Board members cannot agree on the disposition of the petition for review. Therefore, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)). This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(d).

# NOTICE OF APPEAL RIGHTS[1]

You may obtain review of the final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of the final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of the final decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                             /s/
                                                 _____
                                                 Gina K. Grippando
                                                 Clerk of the Board

Washington, D.C.

The appellant, a GS-12 Auditor, requested that he be transferred due to his disability. For the reasons set forth below, the agency failed to accommodate his disability.

An agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.9(a). In order to establish disability discrimination based on a failure to accommodate, an employee must show the following: (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) he is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller*, 121 M.S.P.R. ¶ 13.

Here, the administrative judge found that the appellant established that he had two medical conditions, depression and anxiety, which demonstrated that the appellant was a person with a disability during the time that he requested an accommodation. Initial Appeal File (IAF), Tab 83, Initial Decision (ID) at 25. However, the administrative judge determined that the agency did not fail to accommodate his disability. *Id.* I disagree.

After the appellant emailed the agency's Inspector General in April 2014 stating that his work environment was making him physically and mentally ill, and that he "pray[ed] every day that [he would] be reassigned," the agency promptly followed up with instructions for requesting an accommodation. IAF,

Tab 9 at 81, Tab 11 at 43-45, 84-86. On or about September 15, 2014, the appellant provided a letter, dated September 12, 2014, from his psychiatrist, stating that the appellant was experiencing "symptoms" of depression and anxiety, and that these symptoms were exacerbated by the appellant's workplace environment. IAF, Tab 11 at 80. The letter also identified the requested accommodation (a transfer). *Id.*

In a September 19, 2014 letter, the appellant's psychiatrist provided the diagnoses (Major Depressive Disorder and Anxiety Disorder not otherwise specified). *Id.* at 81. Although the appellant's psychiatrist stated that the appellant was currently able to perform the essential functions of his job, he also opined that the appellant might not be able to do so if his symptoms worsened, and he again stated that the working environment was exacerbating the appellant's symptoms. *Id.*

Following receipt of the September 19, 2014 letter, the agency opted to send the letter to the Federal Occupational Health Service (FOH) for review and assistance in determining whether the appellant needed an accommodation, and if so, what kind of accommodation. *Id.* at 70-72. This process was to take several weeks, and the agency provided the appellant with a temporary accommodation to telework. *Id.* at 57-58. Then, just over a month later, on October 24, 2014, the agency rescinded its temporary accommodation, citing the appellant's decline in work product. *Id.* at 63. At this juncture, the agency did not offer any other temporary accommodation, such as leave, reassignment, or increased supervision to assist the appellant with the decline in his work product. Finally, on October 31, 2014, FOH provided a letter finding the medical information insufficient to support the requested accommodation at that time. *Id.* at 7-8.

Meanwhile, on October 30, 2014, following the rescission of the appellant's temporary accommodation, the agency issued the appellant a 14-day suspension for two specifications of unprofessional conduct based on two emails the appellant had sent. IAF, Tab 9 at 14, Tab 10 at 7 n.1. During the meeting

held to provide the appellant with that proposal, the appellant allegedly engaged in unprofessional conduct. IAF, Tab 10 at 7 n.1. On December 4, 2014, the agency proposed to remove the appellant for unprofessional conduct and damage to Government property. IAF, Tab 1 at 8-15. These charges were in large part based on the appellant's alleged misconduct during the October 30, 2014 meeting. *Id.* The agency effected his removal on February 21, 2015. IAF, Tab 8 at 52.

The appellant filed a Board appeal in which he claimed, among other things, that the agency had failed to accommodate him. IAF, Tab 1. Following a hearing, the administrative judge affirmed the removal action. ID. The appellant has filed a petition for review arguing, among other things, that the agency discriminated against him based on his disability and improperly delayed providing him a reasonable accommodation while his medical assessment was pending. Petition for Review (PFR) File, Tab 1. The appellant contends that, had he been accommodated, the events of October 30, 2014 would not have occurred. *Id.*

It was error for the agency to rescind the appellant's temporary accommodation on October 24, 2014, based on the appellant's alleged decline in work product and not offer any other temporary accommodation, such as leave, reassignment, or increased supervision. The agency's temporary accommodation was not effective as it became apparent that it was not enabling the appellant to perform the essential functions of his position. *See U.S. Airways v. Barnett*, 535 U.S. 391, 400 (2002) (stating that "the word 'accommodation'. . . conveys the need for effectiveness"). Thus, at that juncture, the agency should have considered alternate accommodations. *See Lorenzo v. U.S. Postal Service*, EEOC Appeal No. 01973337, 2000 WL 732106, *3 (May 25, 2000) (determining that the agency should have provided the complainant with an interim accommodation and that it was not reasonable for the agency to expect the complainant to work without an accommodation of any type).

I also agree with appellant that the lengthy amount of time it took for the agency to obtain a medical review opinion from FOH is not an excuse. It is the agency's choice as to whom it selected for its medical review. In any event, when the temporary accommodation was not effective, the agency should have offered another if it truly needed the additional time. *Doria R. v. National Science Foundation*, EEOC Appeal No. 0120152916, 2017 WL 5564360, * 11 (Nov. 9, 2017) (noting that "an employer should respond expeditiously to a request for reasonable accommodation" and finding the agency's delay in granting the complainant's request for additional telework days violated the Rehabilitation Act).

Moreover, FOH's October 31, 2014 letter contained errors. First, in response to the question of whether the appellant's medical condition affected his ability to perform the essential duties of his position, the FOH Occupational Medicine Consultant concluded that "[b]ased on a review of the available medical information and my interaction with the treating healthcare provider, the medical condition should not affect the appellant's current ability to perform the essential functions and/or duties of his job." IAF, Tab 11 at 7. This did not acknowledge the fact that the appellant's psychiatrist had said that the symptoms could worsen to the point of affecting the appellant's ability to perform the essential functions of his job were his environment not to change, as well as the fact that the appellant's work deteriorated when he was teleworking. The FOH Occupational Medicine Consultant further concluded that, because "difficulty interacting with a co-worker or supervisor(s) is not generally considered a reason for accommodation under the [American with Disabilities Act Amendments Act], the medical information is insufficient to support the requested accommodation at this time." However, as the appellant points out in his petition for review, the appellant's disabilities—depression and anxiety—were the reasons for the need for the accommodation. PFR File, Tab 1. Under the circumstances, the agency should have considered other accommodations, such as reassignment. *See Bryce*

*A. v. Export-Import Bank of the United States*, EEOC Appeal No. 2019004342, 2021 WL 4477019, * 13 (Sept. 23, 2021) (finding that the agency should have conducted additional research to ascertain an effective accommodation for the complainant instead of simply relying on the FOH doctor's assessment).

Based on the foregoing, the appellant established that the agency failed to provide him with a reasonable accommodation. While I do not condone the appellant's alleged behavior, the agency must still fulfill its obligations under the Rehabilitation Act, which has incorporated the standards of the Americans with Disabilities Act (ADA). The ADA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). There may be certain misconduct which, by its very nature, takes an employee outside the scope of protecting legislation because the misconduct prevents the employee from meeting all of their job requirements, therefore rendering them not "qualified." However, this is not the case here. Accordingly, the appellant's petition for review should be granted and the initial decision reversed.


_____/s/_____
Cathy A. Harris
Chairman

<u>SEPARATE OPINION OF RAYMOND A. LIMON</u>

in

*Michael Abbott v. Department of Health and Human Services*

MSPB Docket No. AT-0752-15-0427-I-1

For the following reasons, I agree with the administrative judge's initial decision sustaining the appellant's removal and finding that he failed to prove his affirmative defenses. I would, therefore, deny his petition for review.

The agency removed the appellant from his GS-12 Auditor position with the agency's Office of Audit Services, Office of Inspector General, based on (1) unprofessional conduct (seven specifications), and (2) damage to Government property. Among other things, the agency alleged that, after an October 30, 2014 meeting at which the agency issued the appellant a proposed 14-day suspension for unprofessional conduct relating to the first two of the seven specifications, the appellant returned to his cubicle, repeatedly slammed his Government laptop on his desk with great force, thereby damaging it, yelled at his first-level supervisor using vulgar language, including such statements as "YOU BITCH! YOU LIAR! YOU ARE SUCH A LIAR," and charged at the supervisor with his fists clenched, causing her to fear that he was going to attack her before veering around her. Initial Appeal File (IAF), Tab 8 at 54-64, Tab 10 at 7-11.

On appeal and after a hearing, the administrative judge found that the agency proved six of the seven specifications of the unprofessional conduct charge, including the allegations set forth above, as well as the damage to Government property charge. IAF, Tab 83, Initial Decision (ID) at 5-21. The administrative judge found that the appellant's testimony denying the charged misconduct was inherently improbable and unworthy of belief. ID at 12-21. The administrative judge also held that the appellant did not prove, among other things, disability discrimination based on a failure to accommodate his

disabilities (Major Depressive Disorder and Anxiety Disorder). ID at 22-31. The administrative judge further found that there was a nexus between the misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 31-34. On review, the appellant reasserts, among other things, his claim that the action was based on a failure to accommodate his disability.[1]

To the extent that the appellant alleges that the agency should have provided him with a different supervisor as a form of accommodation, the agency had no such obligation. *Davina W. v. Department of the Treasury*, EEOC Appeal No. 0120160978, 2018 WL 3416030, at *4 (June 29, 2018); Equal Employment Opportunity Commission (EEOC) Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, EEOC Notice No. 915.002 (Oct. 17, 2002) (EEOC Guidance), Response to Question 33 ("An employer does not have to provide an employee with a new supervisor as a reasonable accommodation."),[2] *available at* https://www.eeoc.gov/laws/guidance/enforcement-guide-reasonable-accommodation-and-undue-hardship-under-ada#reassignment; *see Lewis v. Department of the Army*, 38 M.S.P.R. 91, 96 (1988) (holding that an agency is not required to assign a disabled employee to an encumbered position). Although a reasonable accommodation may include reassignment to a vacant, funded position, *e.g.*, *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 28-29, the appellant has not identified such a position, *e.g.*, Petition for Review File, Tab 7; *see Desjardin*, 2023 MSPB 6, ¶ 29 n.13 (holding that even an agency's failure to conduct a proper search does not relieve the appellant of the burden to establish

---

[1] I would find that the appellant has shown no error by the administrative judge in sustaining the charges, finding nexus, and finding the penalty of removal reasonable.

[2] Although the appellant's claim of disability discrimination arises under the Rehabilitation Act, the standards under the Americans with Disabilities Act have been incorporated by reference into the Rehabilitation Act. *See Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 n.3 (2014).

the existence of a position to which he could have been reassigned). An agency does not have to bump an employee from a job to create a vacancy, nor does it have to create a new position. EEOC Guidance; *see Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶ 17 (2013), *overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13; *Larraine S. v. Department of Agriculture*, EEOC Appeal No. 0120180647, 2019 WL 4011692, at *5 (Aug. 15, 2019).

I would further find that the agency did not unreasonably delay in addressing the appellant's accommodation request, but instead engaged in the interactive process in good faith and in a timely fashion. The appellant's psychiatrist submitted the requested documentation to support the accommodation request on September 19, 2014, identifying the appellant's disability and indicating that it "does not currently affect his ability to carry out his duties, but if not improved it may worsen[] in the future." IAF, Tab 11 at 81; ID at 26. The psychiatrist also indicated that, if possible, a change in the appellant's workplace environment or a transfer would aid his recovery. IAF, Tab 11 at 81. On September 24, 2014, the agency asked the Federal Occupational Health Service (FOHS) to review the documentation and assist the agency in determining what accommodations, if any, might be needed. *Id.* at 70. On October 6, 2014, the appellant's first-level supervisor informed the appellant that, because the accommodation process may take several weeks, she would grant him a temporary accommodation of flexiplace, which the appellant accepted. *Id.* at 57. On October 8, 2014, the supervisor also provided the appellant with information regarding taking leave under the Family and Medical Leave Act (FMLA), assistance that could be provided to him by the Employee Assistance Program, and an offer for a medical examination at no cost to the appellant. *Id.* at 60-61. The appellant declined the medical examination offer, *id.* at 60, and did not provide documentation regarding an FMLA leave request until November 3, 2014, by which time he had been placed on administrative leave due to the events of October 30, 2014, IAF, Tab 9 at 99-105. On October 24, 2014, the appellant's

first-level supervisor notified him that flexiplace would no longer be permitted because of his diminished work product, and asked him if there were any other accommodations he would like to request. IAF, Tab 11 at 63. In the meantime, an FOHS Occupational Medicine Consultant had contacted the appellant's psychiatrist during the week of October 27, 2014. IAF, Tab 10 at 77. The appellant engaged in the misconduct underlying part of the reason for his removal on October 30, 2014. One day later, the FOHS Occupational Medicine Consultant determined that, based on the available medical information and his discussion with the appellant's psychiatrist, "the medical condition should not affect the employee's current ability to perform the essential functions and/or duties of his job." *Id.* He further determined, consistent with the prior written assessment of the psychiatrist, that a "prognosis for future impact on job performance cannot be determined at this time." *Id.* Under these circumstances, I would find that the agency acted appropriately and there was no improper denial of accommodation.

The EEOC's regulations provide that agencies must adopt and implement a plan addressing reasonable accommodations and explaining that, "when all the facts and circumstances known to the agency make it reasonably likely that an individual will be entitled to a reasonable accommodation," but the accommodation cannot be provided immediately, the agency shall provide an interim accommodation that allows the individual to perform some or all of the essential functions of his or her job, if it is possible to do so without imposing an undue hardship on the agency. 29 C.F.R. § 1614.203(d)(3)(i)(Q). Here, I would find that the agency was not obligated to offer an interim accommodation. As set forth above, the appellant's psychiatrist indicated in writing and in discussions with the FOHS Occupational Medicine Consultant that the appellant could perform the essential functions of his position without an accommodation. Therefore, all of the facts and circumstances known to the agency at the time did

not make it reasonably likely that the appellant would be entitled to a reasonable accommodation, and no interim accommodation was required.

For all of the above reasons, I would deny the appellant's petition for review and affirm the initial decision.


_____/s/_____
Raymond A. Limon
Vice Chairman